DECISION
Melvin Yarbrough, Jr., defendant-appellant, was charged with one count of non-support of dependents, a violation of R.C. 2919.21 and a felony of the fifth-degree. He entered a guilty plea to the charge, and the court revoked probation resulting from a 1995 misdemeanor non-support plea. In its judgment entry, the court imposed a term of six months and a concurrent term of six months on the misdemeanor. The court also ordered that appellant pay arrearages in the amount of $26,822.02 to the child support enforcement agency upon his release on post-release control.
Appellant's appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN ORDERING RESTITUTION IN THE ABSENCE OF PROOF THAT APPELLANT'S OFFENSE POSED A THREAT OF PERSONAL INJURY OR DEATH TO ANOTHER.
Appellant, who had a prior conviction for a misdemeanor for non-support from March 1995, did not pay support from July 1997 through June 1998. The state determined the arrearages in the case to be $26,822.02 at the time of the sentencing hearing.
The only contested part of the trial court's judgment is its order for appellant to pay $26,822.02 in restitution once he is on post-release.
At the time of the sentencing hearing on January 31, 2000, R.C.2929.18(A)(1), provided as follows:
 (A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.25 of the Revised Code, may impose upon the offender a fine in accordance with that section. If the offender is sentenced to a sanction of confinement pursuant to section 2929.14 or 2929.16 of the Revised Code that is to be served in a facility operated by a board of county commissioners, a legislative authority of a municipal corporation, or another governmental entity, the court imposing sentence upon an offender for a felony shall comply with division (A)(4)(b) of this section in determining whether to sentence the offender to a financial sanction described in division (A)(4)(a) of this section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance. At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
Pursuant to R.C. 2929.18(A)(1), a court can order restitution only for an economic loss suffered by the victim. An "economic loss" is defined in R.C. 2929.01(M) as follows:
 "Economic loss" means any economic detriment suffered by a victim as a result of criminally injurious conduct and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the criminally injurious conduct.
According to R.C. 2929.01(G) "Criminally injurious conduct" includes any behavior that is described in R.C. 2743.51, which is as follows:
 (G) "Criminally injurious conduct" means any conduct of the type that is described in division (C)(1) or (2) of section 2743.51 of the Revised Code and that occurs on or after July 1, 1996, or any activity that is described in divisions (C)(3) and (R) of section 2743.51 of the Revised Code and that occurs on or after the effective date of this amendment.
R.C. 2743.51(C) defines "criminally injurious conduct" as conduct that poses a substantial threat of personal injury or death. In the absence of such injury or degree of risk, a judge cannot order restitution. SeeState v. Hooks (Jan. 20, 2000), Franklin App. No. 99AP-119, unreported.
In this case, the state presented no evidence to prove that appellant's failure to pay support created a substantial threat of personal injury or death. While it is possible that a criminal non-support case may involve a substantial threat of personal injury or death, that is not typically the case. In the absence of proof that appellant engaged in criminally injurious conduct, the trial court was without authority to impose the order of restitution. See, also, State v. Kimmle (Dec. 21, 1999), Franklin App. No. 99AP-435, unreported, (where we vacated a restitution order relating to a felony receiving stolen property charge that involved a stolen automobile), and State v. Ward (Oct. 11, 1999), Madison App. No. CA98-12-039, unreported, where the Twelfth Appellate District vacated a restitution order relating to a felony theft charge. The state concedes that a trial court can impose restitution only for offenses where a substantial threat of personal injury or death exists, and that the trial court's order must be reversed; however, the state requests that we order a remand to allow the trial court to consider evidence of a threat of personal injury or death (if such evidence exists). We decline to do so. If restitution was to be considered as a factor of the judgment, the state had an opportunity to introduce evidence of a substantial threat of personal injury or death as a result of the non-support.
Appellant's assignment of error is sustained. The judgment of the trial court is reversed so far as the order includes a requirement that appellant pay $26,822.02 in restitution once he is on post-release.
The case is remanded to the trial court for further procedure consistent with this opinion.
BOWMAN, P.J., and LAZARUS, J., concur.
 McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.